UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS WILSON, DONALD P. TWOHIG, DONALD D. TWOHIG and THOMAS SHANNAHAN, Plaintiffs | |
| vs. | C.A. No. 03-575L |
| CHARLES D. MOREAU, in his individual capacity and in his capacity as agent for the City of Central Falls; JOHN P. KUZMISKI, in his capacity as finance director and treasurer of the City of Central Falls; RICHARD B BESSETTE, individually and in his capacity as agent for the City of Central Falls; MARTIN JOYCE, Individually and in his capacity as Acting Personnel Specialist of the City of Central Falls; RAYMOND COONEY, individually and in his capacity as City Solicitor of the City of Central Falls; ALBERTO CARDONA, individually and in his capacity as agent for the City of Central Falls; KEVIN GUINDON, individually and in his capacity as a Central Falls Police Officer; MARK BRAYALL, Individually and in his capacity as a Central Falls Police officer Defendants | |

**STATEMENT OF GENUINE ISSUES OF MATERIAL FACT FILED IN SUPPORT OF THE OBJECTION OF PLAINTIFFS DONALD P. TWOHIG, DONALD D. TWOHIG AND THOMAS SHANNAHAN TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Donald P. Twohig, Donald D. Twohig and Thomas Shannahan herewith file their Statement of Genuine Issues of Material Fact pursuant to Local Rule 12.1 (a)(2).

1. Did Defendants engage in a policy of harassing and punishing Plaintiffs as a result

of their non-affiliation with the Mayor Moreau political organization?

2. Did good cause exist to discipline and fire Plaintiff Donald D. Twohig?

3. Did good cause exist to terminate the status of Donald P. Twohig as a contractor for the Central Falls Library?

4. What facts exist to allow a jury to conclude that Thomas Shannahan was constructively terminated?

5. Did Defendants implement a policy of harassing and punishing Plaintiffs by interfering in the administration of the Central Falls Library?

6. Did Defendants have lawful authority to do so?

7. Does the position of librarian in the Central Falls Public Library have the attributes of a person not entitled to First Amendment patronage firing protection?

8. What facts exist to allow a jury to infer that Defendants engaged in civil rights conspiracy? Did the Defendant engage in agreement and overt acts for the purpose of harassing and punishing Plaintiff(s)?

9. Are there any facts that support the conclusion that Defendant Moreau acted in an objectively reasonable manner?

10. What acts were undertaken by Defendants that were beyond the scope of their official duties?

11. What statements were made by Defendants to media representatives resulting in publication?

12. Were those statements true?

13. What facts exist to allow a jury to conclude whether those statements were

defamatory?

14. What damages resulted?

15. Did Plaintiffs suffer emotional distress?

16. Do facts exist that support the conclusion that Defendants either negligently or intentionally caused that emotional distress?

17. Did Defendants tamper with evidence removed from the Central Falls Library computers in an attempt to induce the Rhode Island Department of Attorney to conclude that a crime had been committed through use of those computers for political purposes?

18. Did Defendant Moreau make false statements to the Central Falls Police Department regarding the basis for a raid on the Central Falls Public Library for the purpose of harassing and punishing Plaintiffs?

19. Did Donald P. Twohig have a contractual relationship with the Central Falls Board of Library Trustees?

20. Did Plaintiffs have property interests in their relationship with the City of Central Falls?

21. Did any of the Plaintiffs at any time knowingly waive those interests?

22. Did the Plaintiffs suffer emotional and physical harm as the result of the conduct of Defendants?

23. Was the conduct of Defendants extreme and outrageous?

24. Did Defendants access the Central Falls Library computers without authorization?

25. Did Defendants incur damages from such access in excess of $5,000?

26. Did such access impact interstate communications?

27. Did Defendants intend to inflict emotional distress on Plaintiffs?

28. Did Defendants violate the rights of Plaintiffs under the Central Falls City Charter by constructive and actual termination?

29. Did Defendants constructively terminate Plaintiffs Shannahan and Wilson?

30. Did Defendants not know of the entitlement of Plaintiffs to protection under the first amendment as asserted by Defendants?

RESPECTFULLY SUBMITTED,
PLAINTIFFS
By Their Attorneys,

Sara M. Quinn, Esq. #2798
QUINN & QUINN, L.L.P.
260 West Exchange Street
Suite 310
Providence, Rhode Island 02903
(401) 274-3000
(401) 274-3074 (fax)

Leon A. Blais, Esq.
Blais & Parent
Cabot Business Park
20 Cabot Boulevard
Mansfield, MA 02048
(508) 618-1280
(617) 812-0459 (fax)

Date: July 1, 2005

**Certificate of Service**

I, Leon Blais, herewith certify that on July 1, 2005 I mailed a copy of this document to counsel indicated below by first class mail:

Elizabeth Noonan, Esq.
Adler, Pollack and Sheehan
8th Floor
One Citizens Plaza
Providence, RI 02903

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

Leon Blais