UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WILSON, et al<br><br>Plaintiffs<br><br>vs.<br><br>CHARLES D. MOREAU, et al<br><br>Defendants | : | C.A. No. 03-575L |

**MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFFS**

Now come the Defendants in the above-entitled matter and move this Court for an Order compelling Plaintiffs to file answers to Defendants Interrogatories and Request for Production of Documents that were filed on March 31, 2005. Defendants rely on their memorandum of law attached hereto and made a part hereof.

Defendants, City of Central Falls, Charles D. Moreau, John P. Kuzmiski, Richard B. Bessette, Martin Joyce, Alberto Cardona, Kevin Guindon and Mark Brayall
By their Attorney,

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
(401) 272-9937 facsimile
michael@desistolaw.com

Defendant,
Raymond Cooney,
By His Attorney,

Elizabeth McDonough Noonan (#4226) /s/ MDC
Michael D. Chittick (#5967)
Adler Pollock and Sheehan, P.C.
2300 Financial Plaza
Providence, Rhode Island 02903
(401) 274-7200
(401) 351-4607 facsimile
Bnoonan@apslaw.com

## CERTIFICATION OF ATTORNEY

The movant has, in good faith, conferred or attempted to confer with the party failing to make discovery in an effort to secure the information or material without Court action.

Michael A. DeSisto #2444

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 4th day of October, 2005, to the following:

Sara M. Quinn, Esq.
Quinn & Quinn, LLP
260 West Exchange Street, Suite 310
Providence, Rhode Island 02903

Leon A. Blais, Esq.
Blais & Parent
20 Cabot Blvd.
Mansfield, MA 02048

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS WILSON, et al<br><br>Plaintiffs<br><br>vs.<br><br>CHARLES D. MOREAU, et al<br><br>Defendants | C.A. No. 03-575L |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ANSWERS TO DISCOVERY**

**Introduction**

The principal question presented by this motion is whether Plaintiffs must respond to written discovery requests filed one day before the expiration of the discovery deadline. Plaintiffs argue, in effect, that written discovery requests must be filed no later than thirty (30) days prior to the close of discovery. However, Defendants contend that the court rules, case law and local practice allow written discovery to be filed anytime prior to the date of the discovery deadline.

**Facts and Travel**

The Pretrial Order filed in this case stated, in pertinent part, that "all pretrial discovery be completed by April 1, 2005." *The Pretrial Order is attached hereto as Exhibit A.* On March 31, 2005, Defendants filed Interrogatories and a Request for Production of Documents to Plaintiffs. *The Interrogatories and Request for Production of Documents are attached hereto as Exhibit B.* Plaintiffs responded by filing a general

objection to the Interrogatories and Request for Production of Documents on May 10, 2005, nine days after responses were due. *Plaintiffs' General Objection to Defendants' Request for Production of Documents and Interrogatories Propounded to All Plaintiffs is attached hereto as Exhibit C.*

This case has not been assigned a trial date and two Motions for Summary Judgment filed by Defendants against all Plaintiffs are currently pending before the Court. Plaintiffs have not yet responded to the second Motion for Summary Judgment and the Court has yet to schedule a hearing on either motion.

**Argument**

In Laurenzano v. Lehigh Valley Hospital, Inc., *2003 U.S. Dist. LEXIS 13258 (E.D. Pa. 2003)*, the defendant contended that it was not required to respond to plaintiff's fifth request for documents on the grounds that the request was untimely. In *Laurenzano*, the Pretrial Order provided that all discovery was to be "completed" by April 30, 2003. Plaintiff filed her fifth request for production of documents on April 15, 2003. Defendant contended that, pursuant to Fed.R.Civ.P. 34(b), a response was due within 30 days after service, or May 15, 2003. Therefore, defendant argued that since a response was not due until after the discovery closure date, it was not required to respond to plaintiff's discovery request. The court disagreed ruling that the discovery request was timely and requiring defendant to file a response. "Although the Amended Scheduling Order does not specify whether discovery requests are to be filed before the deadline or whether responses must be received by the deadline; it is clear that the former is the approach contemplated by the Court." *Id. at 7 quoting* Mines v. City of Philadelphia, *1994 U.S. Dist. LEXIS 9776, 1994 WL 376914 (E.D. Pa. 1994).*

In the instant case, Defendants contend that the Pretrial Order contemplates that discovery requests may be filed up to and including the discovery deadline. The language contained in the Pretrial Order is similar to that in the *Laurenzano* and *Mines* cases. It does not state that pretrial discovery must be received by the closure date and it does not mandate that written discovery must be filed no later than thirty days before the discovery closure date. Based on past experience, before this Court, Defendants contemplated that discovery could be served up to and including the discovery closure date. Furthermore, although based on anecdotal evidence only, Defendants contend that it is the practice of attorneys in this district to file discovery requests up to and including the discovery closure deadline. If the practice were otherwise, Defendants may have requested a longer discovery closure date or filed a motion for extension of time to complete discovery.[1]

Wherefore, Defendants respectfully request that this Court enter an Order compelling Plaintiffs to file responses to Defendants' Interrogatories and Request for Production of Documents.

[1] Notably, although Plaintiffs clearly contemplated objecting to the requested discovery based on the alleged untimely filing, Plaintiffs waited to file a response 40 days after service of the discovery requests. As a result, Defendants contend that Plaintiffs waived all objections and are under an obligation to respond as no timely objection procedurally or substantively was filed.

Defendants, City of Central Falls,
Charles D. Moreau, John P. Kuzmiski,
Richard B. Bessette, Martin Joyce,
Alberto Cardona, Kevin Guindon
and Mark Brayall,
By their Attorney,

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
(401) 272-9937 facsimile
michael@desistolaw.com

Defendant,
Raymond Cooney,
By His Attorney,

Elizabeth McDonough Noonan (#4226)
Michael D. Chittick (#5967)
Adler Pollock and Sheehan, P.C.
2300 Financial Plaza
Providence, Rhode Island 02903
(401) 274-7200
(401) 351-4607 facsimile
Bnoonan@apslaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 4th day of October, 2005, to the following:

Sara M. Quinn, Esq.
Quinn & Quinn, LLP
260 West Exchange Street, Suite 310
Providence, Rhode Island 02903

Leon A. Blais, Esq.
Blais & Parent
20 Cabot Blvd.
Mansfield, MA 02048

# EXHIBIT A

**DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

Thomas Wilson, et al

Vs. CA NO. 03-575L

Charles D. Moreau, et al

**PRETRIAL ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, is ordered that all pretrial discovery be completed by

Apr. 1, 2005 . Court further orders that counsel present the following by May 6, 2005 .

1. A typewritten memorandum in which

(a) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his testimony.

(b) Defendant will set forth what is expected to be proven in defense, indicating each witness to testify with a brief summary of his testimony.

2. Memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations will be fully briefed.

3. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All said exhibits will be **pre-marked** by the plaintiff in numerical order and by defendant in alphabetical order.

4. A list of all witnesses indicating those to testify as experts.



44

5. If said captioned case is to be tried before a jury, full and complete proposed jury instructions.

6. **Probable length of trial.**

7. Any additional matter which counsel feel will aid the Court in the disposition and/or hearing of said action.

8. Said captioned case will thereafter be assigned to the continuous trial calendar.

9. Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal or default.

10. After 10 days from the close of discovery, no motions shall be filed and accepted by the Clerk of this Court except by leave of the undersigned; absent the acceptance of any motion, the case is subject to being called for trial on a 24-hour notice.

BY ORDER:

Deputy Clerk

**ENTER:**

Ronald R. Lagueux

Senior U.S. District Judge
Ronald R. Lagueux
DATED: 10/28/04