UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS WILSON, DONALD P. TWOHIG, DONALD D. TWOHIG and THOMAS SHANNAHAN,
Plaintiffs

vs. C.A. No. 03-575L

CHARLES D. MOREAU, in his individual capacity and in his capacity as agent for the City of Central Falls; JOHN P. KUZMISKI, in his capacity as finance director and treasurer of the City of Central Falls; RICHARD B BESSETTE, individually and in his capacity as agent for the City of Central Falls; MARTIN JOYCE, Individually and in his capacity as Acting Personnel Specialist of the City of Central Falls; RAYMOND COONEY, individually and in his capacity as City Solicitor of the City of Central Falls; ALBERTO CARDONA, individually and in his capacity as agent for the City of Central Falls; KEVIN GUINDON, individually and in his capacity as a Central Falls Police Officer; MARK BRAYALL, Individually and in his capacity as a Central Falls Police officer

Defendants

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFFS**

Plaintiffs hereby oppose Defendants' Motion to Compel Discovery Responses from Plaintiffs.

In support hereof, Plaintiffs have filed herewith Plaintiffs' Memorandum of Law in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Discovery

Responses from Plaintiffs.

Dated: October 13, 2005

RESPECTFULLY SUBMITTED,
PLAINTIFFS
By Their Attorneys,

Sara M. Quinn, Esq. #2798
QUINN & QUINN, L.L.P.
179 Sisson Street
Providence, Rhode Island 02909
(401) 274-3000
(401) 274-3074 (fax)

Leon A. Blais, Esq.
Blais & Parent
Cabot Business Park
20 Cabot Boulevard
Mansfield, MA 02048
(508) 618-1280
(617) 812-0459 (fax)

**Certificate of Service**

I, Sara M. Quinn, herewith certify that on October 13, 2005 I mailed a copy of this document to counsel indicated below by first class mail:

Elizabeth Noonan, Esq.
Adler, Pollock & Sheehan, PC
8th Floor
One Citizens Plaza
Providence, RI 02903

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

Sara M. Quinn

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS WILSON, DONALD P. TWOHIG, DONALD D. TWOHIG and THOMAS SHANNAHAN,
Plaintiffs

vs. C.A. No. 03-575L

CHARLES D. MOREAU, in his individual capacity and in his capacity as agent for the City of Central Falls; JOHN P. KUZMISKI, in his capacity as finance director and treasurer of the City of Central Falls; RICHARD B BESSETTE, individually and in his capacity as agent for the City of Central Falls; MARTIN JOYCE, Individually and in his capacity as Acting Personnel Specialist of the City of Central Falls; RAYMOND COONEY, individually and in his capacity as City Solicitor of the City of Central Falls; ALBERTO CARDONA, individually and in his capacity as agent for the City of Central Falls; KEVIN GUINDON, individually and in his capacity as a Central Falls Police Officer; MARK BRAYALL, Individually and in his capacity as a Central Falls Police officer
Defendants

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFFS**

***Introduction***

The Pre-Trial Order setting discovery dates was entered in this case on October 28, 2004. That Order provided that all discovery should be "completed by" April 1, 2005. Defendants did absolutely no discovery until noticing depositions and serving Defendants' Interrogatories and Request for Production of Documents on March 31, 2005, one day before the close of discovery. There is no vagueness or ambiguity in the language

of this Order that should permit Defendants to skirt its requirements, by which the Plaintiffs were compelled to abide.

***Argument***

***I. Defendants' Motion to Compel Discovery Responses is Moot in that Defendants Have Already Submitted, by Memoranda and Oral Argument, Motions for Summary Judgment Against All Plaintiffs.***

Despite the fact that Defendants made absolutely no attempt to seek timely discovery from Plaintiffs, they have filed a motion to compel production of documents and answers to interrogatories. This disingenuous request comes after this Court has already heard oral arguments on memoranda submitted in support of motions for summary judgment on behalf of all Defendants against all Plaintiffs. The very purpose of Defendants' untimely interrogatories and documents requests could only be to discover pertinent information in an effort to prepare for dispositive pre-trial motions. Since this Court has pending its decision regarding motions for summary judgment on behalf of all Defendants against all Plaintiffs, and Plaintiffs responses thereto, any such discovery attempts are moot. In addition, Defendants have taken depositions of all Plaintiffs, but made no effort to obtain responses to timely document requests so as to have any such documents produced by Plaintiffs either prior to or contemporaneous with said depositions.

***II. Defendants' Reliance on <u>Laurenzano</u> is Misplaced and Does not Fairly Represent the Status of Discovery in the Instant Case.***

Defendants' suggest that the facts of the instant case parallel those found in *Laurenzano v. Lehigh Valley Hospital, Inc.*, 2003 U.S. Dist. LEXIS 13258 (E.D. Pa. 2003). By their own admission, the facts in *Laurenzano* are that Defendants in that case objected to Plaintiff's **fifth** request for production of documents. The Court in *Laurenzano* required that Defendants comply with this **fifth** discovery request and respond

thereto, stating that "Although the **Amended Scheduling Order** [emphasis added] did not specify whether discovery requests are to be filed before the deadline or whether responses must be received by the deadline; it is clear that the former is the approach contemplated by the Court." *Id.* at 7.

What the Defendants at bar fail to distinguish from the facts in *Laurenzano* is that they waited to file their **first** discovery requests, *i.e.*, interrogatories and request for documents, until the **day before discovery closed**. For that critical reason, the comparison of the facts of *Laurenzano* to the facts in this case fails. In addition, Defendants' comparison to *Laurenzano* is also factually inadequate because there is no "Amended Scheduling Order" in the instant case. Defendants never sought to clarify any rights they now claim to cure the untimely filing of their **first** discovery requests. Instead, they rely on an inaccurate comparison to the facts of a case that does not fairly match their own failure to meet this Court's Pre-Trial Order. Defendants now ask this Court to remedy their tardiness, while they chose to sit on their rights to seek timely discovery.

Defendants' other attempt to cure their defective discovery requests is to rely on some amorphic assertion, without any legal reference whatsoever, to "practice of attorneys in this district" to file discovery requests "up to and including the discovery closure deadline". (*Defs.' Memo at 3*). This Court should dismiss out of hand the effort by Defendants to disturb uniformity and adherence to its orders that this Court must maintain. The Court should deny Defendants' request to justify their failure to meet the discovery Order established in this case by asserting some unpublished, uncited, unsupported "local practice". This Court should not sanction unexcused non-compliance with Orders issued in this case.

***Conclusion***

This motion to compel is nothing more than a very transparent attempt to push trial of Plaintiffs' claims beyond the Central Falls municipal elections in November, 2005.

Moreover, Defendants offer absolutely no good cause as to why they should be given leave to grossly

depart from the discovery schedule upon which Plaintiffs have relied and with which they have strictly complied.

If Defendants' motion is allowed, Plaintiffs, who anxiously look forward to their day in court, will be prejudiced by continued delay of adjudication of their claims.

Dated: October 13, 2005

RESPECTFULLY SUBMITTED,
PLAINTIFFS
By Their Attorneys,

Sara M. Quinn, Esq. #2798
QUINN & QUINN, L.L.P.
179 Sisson Street
Providence, Rhode Island 02909
(401) 274-3000
(401) 274-3074 (fax)

Leon A. Blais, Esq.
Blais & Parent
Cabot Business Park
20 Cabot Boulevard
Mansfield, MA 02048
(508) 618-1280
(617) 812-0459 (fax)

**Certificate of Service**

I, Sara M. Quinn, herewith certify that on October 13, 2005 I mailed a copy of this document to counsel indicated below by first class mail:

Elizabeth Noonan, Esq.
Adler, Pollock & Sheehan, PC
8th Floor
One Citizens Plaza
Providence, RI 02903

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

Sara M. Quinn