UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WILSON, et al., Plaintiffs, | : | |
| v. | : | CA 03-575 L |
| CHARLES MOREAU, et al., Defendants. | : | |

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL**

Before the court is Defendants' Motion to Compel Discovery Responses from Plaintiffs (Document ("Doc.") #124) ("Motion"). The Motion seeks to compel Plaintiffs to file answers to Defendants' Interrogatories and Request for Production that were served on Plaintiffs on March 31, 2005, see Motion, one day before the close of discovery on April 1, 2005, see Pretrial Order (Doc. #44). A hearing on the Motion was held on November 2, 2005.

The following factors cause the court to deny the Motion. First and most significantly, Defendants waited until the day before discovery closed before they initiated any discovery. This circumstance most strongly distinguishes the instant case from Laurenzano v. Lehigh Valley Hosp., Inc., Civil Action No. 00-CV-02621, 2003 U.S. Dist. LEXIS 13258 (E.D. Pa. July 28, 2003), which Defendants cite. In Laurenzano, the discovery motion at issue was the plaintiff's "Fifth Request for Production of Documents," id. at *4, which indicates that the plaintiff had been pursuing discovery throughout the discovery period. Additionally, in Laurenzano the motion for production was served fifteen days (as opposed to one day) before the close of discovery. See id.

Second, the Pretrial Order requires "that all pretrial discovery be completed by Apr[il] 1, 2005." Pretrial Order at 1.

This Magistrate Judge has interpreted such language to mean that all depositions must be completed by the date discovery closes (unless the parties have agreed that depositions may be conducted thereafter). A deposition which is noticed the day before discovery closes for a date three weeks hence would not, in the absence of some special circumstances,[1] comply with the Pretrial Order's requirement that all discovery be completed by the closure date. By analogy, Defendants' initial interrogatories and request for production which were similarly served do not comply with the Pretrial Order.

Third, Senior Judge Lagueux presently has under advisement motions for summary judgment filed by Defendants. Plaintiffs should not be required to expend time responding to discovery motions which may well be moot. In addition, the motions for summary judgment should be decided based on the existing record.

Fourth, Defendants have not been especially diligent in pursuing the discovery at issue. Plaintiffs filed a response to Defendants' discovery requests forty days after the documents were served. See Memorandum of Law in Support of Defendants' Motion to Compel Answers to Discovery at 3 n.1. Thus, Defendants learned on or about May 10, 2005, that Plaintiffs challenged the timeliness of the discovery motions. Yet, Defendants did not file a motion to extend the time to file a motion to compel until June 24, 2005, some six weeks later. See Defendants' Motion to Extend Time to File Motion to Compel (Doc. #114) ("Motion to Extend Time"). Although the Motion to Extend Time was granted on September 9, 2005, Defendants did not file the instant Motion until October 4, 2005, almost a month later. Defendants' lack of urgency in obtaining answers and responses to their discovery

---

[1] Among the special circumstances which could cause the court to conclude that the notice was timely would be instances where the party to be deposed had repeatedly delayed his or her deposition.

requests has contributed, at least partially, to a situation where the court is being asked to require Plaintiffs to respond to discovery requests more than six months after discovery has closed. This circumstance weighs against granting the Motion.

For the reasons stated above, Defendants' Motion is DENIED.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
November 2, 2005

BY ORDER:

Deputy Clerk