UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DONALD P. TWOHIG and<br>DONALD D. TWOHIG<br>Plaintiffs | : | |
| vs. | : | C.A. No. 03-575L |
| CHARLES D. MOREAU, in his individual capacity and in his capacity as agent for the City of Central Falls; KEVIN GUINDON, individually and in his capacity as a Central Falls Police Officer; MARK BRAYALL, Individually and in his capacity as a Central Falls Police officer<br>Defendants | : | : |

**PLAINTIFFS' PRE-TRIAL MEMORANDUM**

Plaintiffs' herewith submit their Pre-Trial Memorandum in accord with the order of the Court.

**I. PROOF**

With regard to Plaintiff Donald P. Twohig, the evidence will show that Defendants caused a search to be undertaken of an e-mail account held by Mr. Twohig. This search took place during a search of the computer system of the Central Falls Public Library. They did so under color of law without legal authority or permission and such search was unreasonable. Such access was without authority within the meaning of Rhode Island state law.

With regard to Plaintiff Donald D. Twohig, the evidence will show that Defendant Moreau caused Mr. Twohig to be demoted, suspended and then fired because of his support of former Mayor Lee Matthews. Plaintiffs intend to press their contention that an arbitrator has already found that Donald D. Twohig was terminated without good cause and, thus, Defendants

are precluded from contending that his firing was for good cause. Moreover, Plaintiff is entitled to a jury instruction to the effect that Donald D. Twohig was not fired for good cause.

While the Court has found that Donald P. Twohig had an expectation of privacy in his e-mail account and that the primary fact question regarding Mr. Twohig's claims of unreasonable search and state computer violation revolve around the issue of consent, Plaintiffs contend that it is necessary to present evidence to the jury regarding the genesis of the library search as it is evidence, also, of the motivation of Defendant Moreau against Donald D. Twohig.

## II. WITNESSES

Plaintiffs do not intend to call any expert witness.

Plaintiffs may call any or all of the following percipient witnesses:

**Thomas Lazieh –** Mr. Lazieh is expected to testify regarding his conversations with Defendant Moreau wherein Mr. Moreau was told about rumors of political materials within the Central Falls Library.

**Lee Matthews –** Former Mayor Matthews is expected to testify regarding the involvement of Plaintiff Donald D. Twohig with his political campaign.

**Alberto Cardona –** The former acting director of the Central Falls Public Library is expected to testify regarding his conversations with Plaintiff Donald D. Twohig, personnel actions taken against Mr. Twohig and demotion of Mr. Twohig.

**Julia Iacono –** The former director of the Central Falls Public Library is expected to testify regarding her firing of Donald D. Twohig and her conversations with Defendant Moreau and others about Mr. Twohig.

**Thomas Shannahan --** The former director of the Central Falls Public Library is

expected to testify regarding the police search of the library and the political activities of Plaintiff Donald D. Twohig.

**Thomas Wilson --** The former Central Falls Police Chief is expected to testify regarding the search of the Central Falls Public Library.

**Robert Luke –** Mr. Luke was the computer consultant who assisted the police in the search of the Central Falls Library. Mr. Luke will testify as to his role in the search and his conversations with the police and Defendant Moreau.

**Dr. John Ruggiano –** Dr. Ruggiano was the treating psychiatrist for Plaintiff Donald D. Twohig. He is expected to testify as to medical and psychological impact of the acts of Defendant Moreau upon Plaintiff Donald D. Twohig.

**Charles Moreau –** Mayor Moreau is expected to testify regarding his involvement in the raid of the Central Falls Library and the discipline/demotion/firing of Donald D. Twohig. He is expected to further testify regarding his conversations with police officers, Alberto Cardona and Julia Iacono.

**Kevin Guindon –** This Defendant is expected to testify about his participation in the search at the Central Falls Public Library and his conversations with Defendant Moreau and others.

**Mark Brayall --** This Defendant is expected to testify about his participation in the search at the Central Falls Public Library and his conversations with Defendant Moreau and others.

**Donald P. Twohig –** This Plaintiff is expected to testify regarding his conversations with Defendants Brayall and Guindon regarding his e-mail account during the search of the Central

Falls Public Library.

**Donald D. Twohig –** This Plaintiff is expected to testify regarding his political activities, his work at the Central Falls Public Library, his discipline/demotion/termination and his observations/conversations during the search of the Central Falls Public Library.

Plaintiffs reserve the right to call rebuttal witnesses.

## III. LEGAL ISSUES

**Donald P. Twohig**

As the Court has pointed out in its Summary Judgment decision, the primary question regarding Donald P. Twohig's claims under 1983 theory and under the Rhode Island computer crimes statute concern the fact question of whether Mr. Twohig consented to the search of his e-mail account. Sum. J. Decision, 59. A warrantless search is *per se* unreasonable unless it falls into an established exception—one of which is consent. Schneckloth v. Bustamonte, 412 U.S. 218, 222.

Consent may not be coerced by "explicit or implicit means, by implied threat or covert force". Id. at 228.

Importantly, the burden of demonstrating the voluntariness of any alleged consent will fall on Defendants. Id. at 227.

Thus, the evidence will show that the search of the Central Falls Public Library was undertaken without warrant and outside of the normal police chain of command at the direction of Defendant Moreau. It will further show that, with the assistance of Robert Luke, the police

accessed the e-mail account of Plaintiff Donald P. Twohig.

Such a search was *per se* unreasonable unless Defendants can meet their burden of demonstrating to the jury that such a search of the e-mail account of Plaintiff Donald P. Twohig was undertaken with his permission within the meaning of Schneckloth.

**Donald D. Twohig**

The primary First Circuit holding applicable to the patronage discipline/demotion/firing claim of this Defendant is contained in Mercado-Alicea v. P.R.Tourism Co., 396 F. 3d 46 (1st Cir. 2005). Therein, the Court in following previous U.S. Supreme Court cases, adopted a three pronged analysis for patronage firing claims.

The Court has already held that Plaintiff has met two of those prongs. Plaintiff suffered an adverse employment action. Sum. J. Decision, 51. There is no evidence that Plaintiff was a policymaker, thus disqualifying him for patronage firing protection. Sum. J. Decision, 52.

Thus, the sole prong to be submitted to the jury is the question of whether the political relationship between Donald D. Twohig and former Mayor Lee Matthews was a "substantial or motivating" factor behind the discipline and firing of Plaintiff. Mercado-Alicia at 51.

In such consideration by the jury, Plaintiff is entitled to the preclusive effect (res judicata/issue preclusion) resulting from two arbitration decisions in his favor. "Final arbitral awards ae entitled to the same preclusive effect as state court judgments, at least as concerns claims and issues actually raised." Wolf v. Gruntal & Co., 45 F.3d 524, 528 (1st Cir. 1995).

Two arbitrations took place between Plaintiff and the City of Central Falls. The first arose from the suspension of Plaintiff. The second arose from his firing. Plaintiff prevailed in both as to the issue of whether there was good cause for such suspension and firing. As such

Plaintiff is entitled both to an order of the court preventing Defendant from contending that actions against Plaintiff were for good cause and a jury instruction that it is to be assumed by the jury that Plaintiff was not disciplined/fired for good cause. Thus, the jury will be faced only with the question of whether the firing/discipline was substantially based upon or motivated by Plaintiff's first amendment protected activities.

Plaintiff will present a motion in limine to this end.

## IV. LENGTH OF TRIAL

Plaintiffs estimate that trial will consume six (6) full days.

## V. DOCUMENTARY EVIDENCE

Plaintiffs will mark evidence as follows:

Exhibit 1 -- Letter from Department of Attorney General re: library search.

Exhibit 2 -- Police Report re: library search.

Exhibit 3 -- Additional Police Report re: library search

Exhibit 4 – Report of Robert Luke

Exhibit 5 – Notice to Donald D. Twohig (reduction of hours, title)

Exhibit 6 – Disciplinary notice to Donald D. Twohig (Suspension)

Exhibit 7 –Disciplinary notice to Donald D. Twohig (Termination Hearing)

Exhibit 8 – Disciplinary notice to Donald D. Twohig (Termination)

Plaintiffs reserve the right to introduce additional exhibits in rebuttal.

## VI. JURY INSTRUCTIONS

Plaintiffs seek the following jury instructions:

**The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (*or* other entities) who have been deprived of their constitutional (*or statutory) rights under color of state law.***

**Section 1983 of Title 42 of the United States Code states:**
**Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.**

**Authority**

**United States Supreme Court:** Gonzaga Univ. v. Doe, -- U.S. --, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002).

**Elements of a Section 1983 Claim**
**To establish a claim under section 1983 , plaintiff must establish, by a preponderance of the evidence, each of the following three elements:**
**First, that the conduct complained of was committed by a person acting under color of state law;**
**Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and**
**Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.**
**I shall now examine each of the three elements in greater detail.**

**Authority**

**United States Supreme Court:** *Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)* .

**First Circuit:** *Martinez-Velez v. Simonet, 919 F.2d 808 (1st Cir. 1990)* .

**Second Circuit:** Eagleston v. Guido, 41 F.3d 865 (2nd Cir. 1994).

**Seventh Circuit:** *New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474 (7th*

*Cir. 1990)* .

**First Element--Action Under Color of State Law**

**The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase ''under color of state law'' is a shorthand reference to the words of section 1983 , which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state. The term ''state'' encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.**

**Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.**

**An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.**

**Authority**

**United States Supreme Court:** *American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)* ; *Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)* ; *Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961)* ; *Screws v. United States, 325 U.S. 91, 65 S. Ct. 1031, 89 L. Ed. 1495 (1945)* ; *United States v. Classic, 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1361 (1941)* ; *Hague v. C.I.O., 307 U.S. 496, 59 S. Ct. 954, 83 L. Ed. 1423 (1939)* ; *Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U.S. 278, 33 S. Ct. 312, 57 L. Ed. 510 (1913)* ; *Ex parte* Virginia, 100 U.S. 339, 25 L. Ed. 676 (1880) .

**First Circuit:** *Martinez v. Colon, 54 F.3d 980 (1st Cir. 1995)*

**Tenth Circuit:** Nieto v. Kapoor, 268 F.3d 1208 (10th Cir. 2001).

***District of Columbia Circuit:*** *Williams v. United States, 396 F.3d 412 (D.C. Cir. 2005)* .

**State Official Acting Under Color of State Law as a Matter of Law**

**Whether the defendant committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendant did commit those acts, I instruct you that, since the defendants were and are officials of the City of Central Falls, an instrumentality of the state of Rhode Island at the time of the acts in question, they were acting under color of state law. In other words, the first statutory requirement is satisfied.**

**Authority**

**United States Supreme Court:** *Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)* ; *Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961)* .

**Deprivation of Right**

**The second element of the claim of plaintiffs is that he was deprived of a federal right by the defendant. In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence: first, that the defendant committed the acts alleged by plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the defendant acted intentionally or recklessly.**

**Authority**

**United States Supreme Court:** *Conn v. Gabbert, 526 U.S. 286, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999* ); *Maine v. Thiboutot, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980)* ; *Martinez v. California, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980)* ; *Baker v. McCollan, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)* ; *Monell v. Department of Social Servs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)* .

**First Circuit:** *Fournier v. Reardon, 160 F.3d 754 (1st Cir. 1998)* , *cert. denied,* 526 U.S. 1065 (1999).

**Second Circuit:** *Young v. County of Fulton, 160 F.3d 899 (2d Cir. 1998)* ; *Marshall v. Switzer, 10 F.3d 925 (2nd Cir. 1993)* .

**Third Circuit:** *Mellott v. Heemer, 161 F.3d 117 (3rd Cir. 1998)* .

**Fifth Circuit:** *Dahl v. Akin, 630 F.2d 277 (5th Cir. 1980)* , *cert. denied,* 451 U.S. 908 (1981).

**Seventh Circuit:** Miller by Miller v. Whitburn, 10 F.3d 1315 (7th Cir. 1993).

**Eighth Circuit:** *Morstad v. Department of Corrections & Rehab., 147 F.3d 741 (8th Cir. 1998)* .

**Ninth Circuit:** *Delew v. Wagner, 143 F.3d 1219 (9th Cir. 1998), cert. denied,* 525 U.S. 1015 (1998) .

**Tenth Circuit:** Nieto v. Kapoor, 268 F.3d 1208 (10th Cir. 2001).

**Eleventh Circuit:** *Brown v. Cochran, 171 F.3d 1329 (11th Cir. 1999)* ; *Wilson v. Blankenship, 163 F.3d 1284 (11th Cir. 1998)* .

**Unlawful Search (as applied to the claim of Donald P. Twohig)**

**The Fourth Amendment to the United States Constitution protects the rights of persons to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. Although certain important exceptions exist, searches that are conducted without having first obtained a warrant for the search from a judicial officer are presumptively invalid.**

**In the instant case, Donald P. Twohig claims that his federal rights were violated when the defendant conducted an illegal search of the contents of his e-mail account at the Central Falls Public Library. If you have determined that the defendant committed the alleged acts--that is, searched the plaintiff's e-mail account--you must determine whether such acts violated the plaintiff's federal rights or whether the search was lawful because plaintiff consented to the search.**

**Authority**

**United States Supreme Court:** *Illinois v. Caballes, -- U.S. --, 125 S. Ct. 834, 160 L. Ed. 2d 842 (2005)* ; Groh v. Ramirez, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004); *Board of Educ. of Indep. Sch. Dist. No. 92 v. Earls, 536 U.S. 822, 122 S. Ct. 2559, 153 L. Ed. 2d 735 (2002)* ; *Kyllo v. United States, 533 U.S. 27, 121 S. Ct. 2038, 150 L. Ed. 2d 94 (2001)* ; *Illinois v. McArthur, 531 U.S. 326, 121 S. Ct. 946, 148 L. E. 2d 838 (2001)* ; *Wilson v. Arkansas, 514 U.S. 927, 115 S. Ct. 1914, 131 L. Ed. 2d 976 (1995)* .

**First Circuit:** *McCabe v. Lifeline Ambulance Service, 77 F.3d 540 (1st Cir. 1996), cert. denied,* 519 U.S. 911 (1996) ; *St. Hilaire v. City of Laconia, 71 F.3d 20 (1st Cir. 1995), cert. denied,* 518 U.S. 1017 (1996) .

**Second Circuit:** *McCardle v. Haddad, 131 F.3d 43 (2d Cir. 1997)* ; *Ayeni v. Mottola, 35 F.3d 680 (2nd Cir. 1994)* .

**Third Circuit:** *Baker v. Monroe Township, 35 F.3d 1186 (3d Cir. 1995)* .

**Fourth Circuit:** _Simmons v. Poe, 47 F.3d 1370 (4th Cir. 1995)_ .

**Fifth Circuit:** _Blackwell v. Barton, 34 F.3d 298 (5th Cir. 1994)_ .

**Sixth Circuit:** _Mays v. City of Dayton, 134 F.3d 809 (6th Cir. 1998)_ ; _Spear v. Sowders, 71 F.3d 626 (6th Cir. 1995)_ ; _O'Brien v. City of Grand Rapids, 23 F.3d 990 (6th Cir. 1994)_ .

**Eighth Circuit:** _Brouhard v. Lee, 125 F.3d 656 (8th Cir. 1997)_ .

**Ninth Circuit:** _Greenstreet v. County of San Bernardino, 41 F.3d 1306 (9th Cir. 1994)_ .

**Tenth Circuit:** _Saavedra v. City of Alburquerque, 73 F.3d 1525 (10th Cir. 1996)_ ; _Thompson v. City of Lawrence, 58 F.3d 1511 (10th Cir. 1995);_ Franz v. Lytle, 997 F.2d 784 (10th Cir. 1993).

**Eleventh Circuit:** _Hartsfield v. Lemacks, 50 F.3d 950 (11th Cir. 1995)_ .

**Patronage Discipline/Demotion/Firing – Deprivation of First Amendment Rights (as applied to the claim of Donald D. Twohig)**

**Donald D. Twohig has claimed against Defendant Moreau only that Mr. Twohig was demoted, suspended and ultimately terminated as an employee of the City of Central Falls, Rhode Island because of his association with former Mayor Lee Matthews. The First Amendment of the United State Constitution protects public employees from being disciplined or terminated as a result of their exercise of first amendment rights of association and free speech if three conditions are met. First, public employees who claim such first amendment protection must have suffered adverse employment action. Second, public employees who claim such first amendment protection must not be policy makers. Third, public employees who claim such first amendment protection must have suffered such adverse employment action as a result of their exercise of first amendment rights of association and free speech.**

**This court has previously found that the first two of these requirements have been met. I, therefore, instruct you that you are to consider only the question of whether Donald D. Twohig was disciplined and/or terminated as a result of exercise of his first amendment rights.**

**It also has been previously determined as a matter of law that the suspension and termination of Mr. Twohig was not for good cause. Thus, you may consider only whether the true reason for the suspension and termination of Mr. Twohig was his exercise of his first amendment rights.**

**Authority**

*Mercado-Alicea v. P.R.Tourism Co., 396 F. 3d 46 (1st Cir. 2005).*

**Proximate Cause--Generally**

**The third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.**

**In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.**

**A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.**

**A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.**

**Authority**

**United States Supreme Court:** *Grivhan v. Western Line Consolidated School District, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)* ; *Mt. Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)* .

**Second Circuit:** *Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998)* .

**Third Circuit:** Best v. Essex County, New Jersey Hall of Records, 986 F.2d 54 (3rd Cir. 1993).

**Fifth Circuit** : *McCord v. Maggio, 927 F.2d 844 (5th Cir. 1991)* .

**Seventh Circuit:** *Beard v. Mitchell, 604 F.2d 485 (7th Cir. 1979)* .

**Eighth Circuit:** Butler v. Dowd, 979 F.2d 661 (8th Cir. 1992), *cert. denied,* 508 U.S. 930 (1993).

**Ninth Circuit:** *Coral Construction Company v. King County, 941 F.2d 910 (9th Cir. 1991), cert. denied,* 502 U.S. 1033 (1993) ; *Arnold v. IBM, 637 F.2d 1350 (9th Cir. 1981)* ; *Johnson v. Duffy, 588 F.2d 740 (9th Cir. 1978)* .

**Supervisory Officials**

**If you find that the conduct of the subordinate (*or supervised person) denied the plaintiff a right guaranteed by federal law, you must consider whether the supervisor, Defendant Charles Moreau, caused that conduct. If the supervisor did cause the conduct, then he is liable under section 1983 for the denial of plaintiff's constitutional right.***

**The standards for assessing whether the supervisor proximately caused plaintiff's constitutional injury are different from the standards for assessing the subordinate's liability. If the subordinate denied plaintiff a constitutional right, a supervisor is not liable for such a denial simply because of the supervisory relationship.**

**But there are circumstances under which you may find that the supervisor has caused plaintiff's injury, and thus is liable for the illegal conduct of the subordinate. Two such circumstances exist. First, if you find that the supervisor has done something affirmative to cause the injury to the plaintiff--for example, by directing the subordinate to do the acts in question--you should find that the supervisor caused the injury. Second, if you find that the supervisor failed to carry out his duty to oversee the subordinate, knowing that his failure to do so probably would cause a deprivation of the plaintiff's rights by the subordinate, you should find that the supervisor caused the injury. A finding of either circumstance is enough to establish that the supervisor caused the injury. I will explain each of these in detail.**

**To find that the supervisor did something affirmative to cause injury to the plaintiff, you must find by a preponderance of the evidence that the supervisor was personally involved in the conduct that caused plaintiff's injury. Personal involvement does not mean only that the defendant supervisor directly, with his own hands, deprived plaintiff of his rights. The law recognizes that the supervisor can act through others, setting in motion a series of acts by subordinates that the supervisor knows, or reasonably should know, would cause the subordinates to inflict the constitutional injury. Thus, plaintiff meets his burden of proof as to the personal involvement of the supervisor in the subordinate's conduct if he proves by a**

**preponderance of the evidence that the deprivation of his right took place at the supervisor's direction, or with the supervisor's knowledge, acquiescence or consent. The supervisor may give his consent expressly or his consent may be implied because of his knowledge of or acquiescence in the subordinate's unconstitutional conduct.**

**In the absence of personal involvement, you may still find that the supervisor caused the injury to the plaintiff if you find that he failed to carry out his duty to oversee the subordinate. To make such a finding, you must conclude by a preponderance of the evidence that the supervisor had a duty to oversee the subordinate, that he grossly disregarded that duty, and that a reasonable person in the supervisor's position would have known that his dereliction of duty probably would cause a deprivation of rights.**

**Authority**

**United States Supreme Court:** *Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)* .

**First Circuit:** *Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87 (1st Cir. 1994)* .

**Third Circuit:** *Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990)* .

**Fourth Circuit:** *Gaston v. Taylor, 946 F.2d 340 (4th Cir. 1990)* ; *Avery v. County of Burke, 660 F.2d 111 (4th Cir. 1981)* .

**Fifth Circuit:** *Baker v. Putnal, 75 F.3d 190 (5th Cir. 1996)* .

**Sixth Circuit:** *Taylor v. Michigan Dept. of Corrections, 69 F.3d 76 (6th Cir. 1995)* .

**Seventh Circuit:** *Gentry v. Duckworth, 65 F3d 555 (7th Cir. 1995)* ; *Rascon v. Hardiman, 803 F.2d 269 (7th Cir. 1986)* ; *Bohen v. City of East Chicago, 799 F.2d 1180 (7th Cir. 1986)* ; *Beard v. Mitchell, 604 F.2d 485 (7th Cir. 1979)* .

**Eighth Circuit:** *Smith v. Marcantonio, 910 F.2d 500 (8th Cir. 1990)* ; *Wilson v. City of North Little Rock, 801 F.2d 316 (8th Cir. 1986)* .

**Ninth Circuit:** *Arnold v. IBM, 637 F.2d 1350 (9th Cir. 1981)* ; *Johnson v. Duffy, 588 F.2d 740 (9th Cir. 1978)* .

**Tenth Circuit:** *Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988)* .

**Eleventh Circuit:** *Adams v. Poag, 61 F.3d 1537 (11th Cir. 1995)* ; *Brown v. Crawford, 906 F.2d 667 (11th Cir. 1990)* .

**If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.**
**Authority**
**Third Circuit:** ***Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds,*** **430 F.2d 325 (3d Cir. 1970),** ***cert. denied,*** **401 U.S. 974 (1971) .**
**Fifth Circuit: Fifth Circuit Pattern Civil Jury Instruction** 15.1.
**Tenth Circuit:** *Krieger v. Bausch, 377 F.2d 398 (10th Cir. 1967)* .

**Damages for the Mere Fact of Violation**

**If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.**

**Nominal damages must be awarded when the plaintiff has been deprived by defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.**

**Authority**

**United States Supreme Court:** *Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)* .

**First Circuit:** *Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992)* .

**Second Circuit:** *Amato v. City of Saratoga Springs, 170 F.3d 311 (2d Cir. 1999)* ; *LeBlanc-Sternberg v. Fletcher, 67 F.3d 412 (2nd Cir. 1995), cert. denied,* -- U.S. --, 116 S. Ct. 2546, 135 L. Ed. 2d 1067 (1996) ; *Gibeau v. Nellis, 18 F.3d 107 (2nd Cir. 1994)* .

**Fifth Circuit:** *Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980)* .

**Sixth Circuit:** *Sutton v. Cleveland Bd. of Educ., 958 F.2d 1339 (6th Cir. 1992)* .

**Seventh Circuit:** *Smith v. City of Chicago, 913 F.2d 469 (7th Cir. 1990)* .

**Ninth Circuit:** *George v. City of Long Beach, 973 F.2d 706 (9th Cir. 1992)* .

**Tenth Circuit:** *Long v. Shillinger, 927 F.2d 525 (10th Cir. 1991)* .

**Eleventh Circuit:** *Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982)* .

**Exemplary or Punitive Damages**

**If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.**

**You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.**

**An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.**

**If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.**

**In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for**

**outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.**

**If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.**

**The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.**

**Authority**

**United States Supreme Court:** *Memphis Community School District v. Stachura, 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986)* ; *Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)* ; *City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)* ; *Carlson v. Green, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980)* ; *Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)* .

**Second Circuit:** *Mathie v. Fries, 121 F.3d 808 (2d Cir. 1997)* ; *Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir. 1991)* .

**Third Circuit:** Keenan v. City of Philadelphia, 983 F.2d 459 (3rd Cir. 1992); *Abraham v. Pekarski, 728 F.2d 167 (3d Cir. 1984)* .

**Fifth Circuit:** *Sockwell v. Phelps, 20 F.3d 187 (5th Cir. 1994)* .

**Sixth Circuit:** *Walker v. Norris, 917 F.2d 1449 (6th Cir. 1990)* .

**Seventh Circuit:** *Bogan v. Stroud, 958 F.2d 180 (7th Cir. 1992)* ; *Crawford v. Garnier, 719 F.2d 1317 (7th Cir. 1983)* .

**Eighth Circuit:** *Cunningham v. City of Overland, 804 F.2d 1069 (8th Cir. 1986)* ; *Wade v. Haynes, 663 F.2d 778 (8th Cir. 1981), aff'd sub nom.* , *Smith v. Wade, 461 U.S. 30 (1983)* .

**Ninth Circuit:** *Kennedy v. Los Angeles Police Department, 901 F.2d 702 (9th Cir. 1990)* .

**Tenth Circuit:** Nieto v. Kapoor, 268 F.3d 1208 (10th Cir. 2001); *Green v. Johnson, 977 F.2d 1383 (10th Cir. 1992)* ; *Jolivet v. Deland, 966 F.2d 573 (10th Cir. 1992)* .

**Eleventh Circuit:** *Caban-Wheeler v. Elsea, 71 F.3d 837 (11th Cir. 1996)* ; *Glover v. Alabama Dept. of Corrections, 734 F.2d 691 (11th Cir. 1984)* .

**State Computer Tresspass R.I.G.L 11-52-1, et seq**

**Plaintiff Donald P. Twohig has also brought a claim under Rhode Island state law that his e-mail account was unlawfully accessed (Computer Trespass) by Defendants Moreau, Guindon and Brayall. In order for you to find for the Plaintiff, you must conclude that Defendants gained access to Plaintiff's e-mail account and that they did so without consent of Plaintiff Donald P. Twohig.**

RESPECTFULLY SUBMITTED,
PLAINTIFFS
By Their Attorneys,

/s/ Sara M. Quinn

Sara M. Quinn, Esq. #2798
BLAIS PARENT & QUINN
Suite 300
20 Cabot Blvd.
Mansfield, MA 02048
508 618-1280
617 812-0459

/s/ Leon A. Blais

Leon A. Blais, Esq.
BLAIS PARENT & QUINN
Suite 300
20 Cabot Blvd.
Mansfield, MA 02048
508 618-1280
617 812-0459

***Certification***

I herewith certify that I have filed the foregoing document in accord with the procedures of the court ECF system on September 1, 2006.

/s/ Sara M. Quinn

Sara M. Quinn