UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DONALD P. TWOHIG and :
DONALD D. TWOHIG :
Plaintiffs :
:
vs. : C.A. No. 03-575L
:
CHARLES D. MOREAU, in his individual :
capacity and in his capacity as agent for :
the City of Central Falls; KEVIN GUINDON, : :
individually and in his capacity as a Central :
Falls Police Officer; MARK BRAYALL, :
Individually and in his capacity as a Central :
Falls Police officer :
Defendants :

**PLAINTIFFS' COMBINED MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE AND MOTION FOR JURY INSTRUCTIONS CONSISTENT THEREWITH**

Plaintiffs submit this combined memorandum of law in support of their motions in limine and for jury instructions consistent therewith.

***Background***

Plaintiff Donald D. Twohig, as a member of the City of Central Falls municipal employee bargaining unit brought two grievances contesting discipline imposed upon him and his termination. Both of those grievances were brought and adjudicated through the grievance procedure adopted by Rhode Island Association of State, County and Municipal Employees, Council 94 against the City of Central Falls. Such grievance procedure contains a provision for binding arbitration. Such arbitration occurred under the rules of the American Arbitration Association.

In AAA Case No. 11 300 02062 04 Arbitrator Mark L. Irvings made the following award to Donald D. Twohig on May 9, 2005:

"The discipline imposed on Donald Twohig on June 24, 2004 was

> not for just cause. The June 14 record of verbal warning, the June 22 and 23 written warnings and June 24 letter of suspension shall be removed from his personnel record, and he shall be paid for the wages he lost during the suspension."

The City of Central Falls did not appeal this award.

In AAA Case No. 11 390 02064 04 on October 5, 2005 Arbitrator Richard G. Boulanger made the following award:

> "The grievance is upheld. There was no just cause for the grievant's termination. The grievant shall be forthwith reinstated to his pre-termination position. The grievant shall be made whole as regards all terms and conditions of employment, including but not limited to salary, lost health insurance benefits, reinstatement of paid leave benefits, pension benefits (City contribution) and seniority rights. Lost salary due the grievant shall be offset by his interim earnings. Any reference to the grievant's termination in his personnel file shall be forthwith expunged. The arbitrator retains jurisdiction of the case for remedial implementation purposes only."

The City of Central Falls did not appeal this award either.

Both arbitration awards were made following full evidentiary hearing. In both cases the arbitrator issued a detailed rationale for his award.

## ***Argument***

### I. IT IS BLACK LETTER LAW THAT, AS A GENERAL RULE A VALID AND FINAL AWARD BY ARBITRATION HAS THE SAME EFFECTS AS A JUDGMENT OF THE COURT.

With only narrow exceptions "a valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions , as a judgment of a court." Restatement of Judgments, Second § 84(1) at 286. fn1

1 The only exceptions cited in the Restatement are where there is a scheme of remedies permitting assertion of a second claim notwithstanding the award regarding the first claim, where the preclusive effect would be inconsistent with legal policy or contractual provision, where the arbitration lacked adjudicatory elements or where the arbitration agreement limited the application of the award. In all of these cases the Restatement makes relitigation permissive but does not implementation of preclusive effect of the arbitration decision.

**II. RHODE ISLAND STATE COURTS IN 2004 ADOPTED THE ISSUE PRECLUSION EFFECT OF COMPLETE ARBITRATION.**

> With some limited exceptions and qualifications, "a valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court." 2 Restatement (Second) Judgments 2d § 84 at 286 (1982) (Emphasis added.). See E.W. Audet & Sons, Inc. v. Firemen's Fund Insurance Co. of Newark, New Jersey, 635 A.2d 1181, 1188 (R.I. 1994) (holding that res judicata applied to bar plaintiffs from suing an insurance provider when the claims previously had been determined by arbitration). Foster-Glocester Reg'l Sch. Comm. v. Bd. of Review, 854 A.2d 1008, 1016 (R.I., 2004).

The limited exceptions and qualifications are those explained in the Restatement and outlined at fn1.

**III. THE LEADING JURISDICTION FOR DEVELOPMENT OF THE LAW OF PRECLUSIVE EFFECT (RES JUDICATA OR ISSUE PRECLUSION) OF ARBITRATION IS NEW YORK. THAT STATE HAS ADOPTED THE "FULL AND FAIR OPPORTUNITY TEST". THE SECOND CIRCUIT HAS ADOPTED THIS THRESHOLD.UNDER THIS STANDARD THE COURT SHOULD ALLOW PLAINTIFFS' MOTIONS.**

> New York State has adopted the "full and fair opportunity" test. Under this test the defense is available if the party against whom it is raised has had a
>
> > full and fair opportunity to contest the issue in a prior action and the issue which was decided in the prior action is identical to the issue which is to be decided in the action in which the defense is raised. Schwartz v. Public Adm. of County of Bronx, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969); James Talcott, Inc. v. Allahabad Bank, Ltd., 444 F.2d 451 (5 Cir. 1971)), cert. denied, 404 U.S. 940, 92 S. Ct. 280, 30 L. Ed. 2d 253 (1972). Ritchie v. Landau, 475 F.2d 151, 155 (2d Cir. 1973).

While the test of "full and fair opportunity" has been liberally applied in this district in deciding res judicata or issue preclusion questions there is no binding citation available strictly applicable to arbitration. However, should that standard be applied, it is obvious that the City of Central Falls, by and through its chief executive, had a full and fair opportunity to adjudicate its contention that Plaintiff Donald D. Twohig should be disciplined and terminated for cause.

The City and its chief executive availed itself of that opportunity for hearing before a neutral arbitrator and lost.

The Defendant should now properly be bound by those arbitration proceedings.

**IV. IF THE COURT GRANTS PLAINTIFFS' MOTION IN LIMINE IT SHOULD LOGICALLY ALLOW PLAINTIFFS MOTION FOR A CONSISTENT JURY INSTRUCTION.**

If the Court concludes that it has been finally determined that Plaintiff Donald D. Twohig was not disciplined or fined for cause the jury ought to be so informed by the Court in its charge.

Without such an instruction Plaintiff will be deprived of the full benefit of its adjudication at the arbitration level and jury confusion may result.

For all of the reasons cited herein Plaintiffs prays that its motions be allowed.

RESPECTFULLY SUBMITTED,
PLAINTIFFS
By Their Attorneys,

/s/ Sara M. Quinn

Sara M. Quinn, Esq. #2798
QUINN & QUINN, L.L.P.
179 Sisson Street
Providence, Rhode Island 02903
401 621-7087
smquinn@cox.net

/s/ Leon Blais

Leon A. Blais, Esq.
BLAIS PARENT & QUINN

Suite 300
20 Cabot Blvd.
Mansfield, MA 02048
508 618-1280
617 812-0459
LBlais@BlaisParent.com

***Certification***

I herewith certify that I have filed the foregoing document in accord with the procedures of the court ECF system on September 28, 2006. Such documents are available for viewing and download. All parties are served by means of ECF.

/s/ Sara M. Quinn

___________________________________

Sara M. Quinn