UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS WILSON, et al. Plaintiffs | |
| vs. | C.A. No. 03-575L |
| CHARLES D. MOREAU, et al. Defendants | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION OUT OF TIME**

NOW COME Defendants and hereby object to *Plaintiffs' Motion for leave to file Motion for Jury Instruction Consistent with Motion in Limine.* Document 146. In support thereof, defendants rely upon the Omnibus Memorandum of Law, attached and incorporated herein.

Defendants,
Charles D. Moreau, Kevin Guindon,
and Mark Brayall,

By their Attorneys,

*/s/ Marc DeSisto*

Marc DeSisto (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 facsimile
marc@desistolaw.com

Defendants,
Charles D. Moreau, Kevin Guindon,
and Mark Brayall,

By their Attorneys,

*/s/ Elizabeth McDonough Noonan*

Elizabeth McDonough Noonan (#4226)
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
(401) 351-4607 facsimile
Bnoonan@apslaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within document has been filed electronically on this 13th day of October and is available for viewing and downloading from the ECF system.

*/s/ Marc DeSisto*

Leon A. Blais, Esq.
Sara M. Quinn, Esq.
BLAIS PARENT & QUINN
20 Cabot Boulevard, Suite 300
Mansfield, MA 02048
(508) 618-1280
(617) 812-0459 facsimile
LBlais@BlaisParent.com
SQuinn@BlaisParent.com

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS WILSON, et al. Plaintiffs | |
| vs. | C.A. No. 03-575L |
| CHARLES D. MOREAU, et al. Defendants | |

**DEFENDANTS' OMNIBUS MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION OUT OF TIME**

## ***I. Introduction***

Before the Court are two (2) identical motions entitled *"Plaintiffs' Motion For Leave To File Motion For Jury Instruction Consistent With Motion In Limine".* Documents 146 & 147 (September 28, 2006). Three (3) days after filing the above referenced Motions, plaintiffs filed a "*Combined Memorandum of Law in Support of Motion in Limine and Motion for Jury Instructions consistent therewith."* Document 148 (October 1, 2006). Although there is no corresponding Motion, based on this Memorandum and the document appended to document 146, it appears that plaintiffs intended to refile their previously denied[1] Motion for leave to file a Motion in Limine in addition to the Motion for a Jury Instruction. *Id.* *See also* *Motion for Leave to File Motion in Limine, document 144 (September 22, 2006) & Order denying same, document 145 (September 26, 2006).*

[1] This Motion was denied based on plaintiffs' failure to file material in support of the Motion. *Order, document 145 (September 26, 2006).*

To the extent this Court deems plaintiffs to have filed both a Motion for Leave to File a Motion in Limine and a Motion for Leave to file a Motion for Jury Instructions, Defendants hereby object to both motions as untimely and unwarranted.

***II. "Motion for Jury Instructions"***

First, with regard to plaintiffs' *Motion for leave to file Motion for Jury Instruction Consistent with Motion in Limine*, defendants respond that while it will have an objection to the proposed jury instruction, the sought after "Motion for Jury Instruction" is improper at this time. Pursuant to this Court's Pretrial Order, the parties must submit proposed jury instructions as a part of their Pretrial Memorandum. *Pretrial Order,* ¶ *5.* As a general practice, this Court does not accept or rule on "Motions for Jury Instructions" prior to trial. In fact, the proposed "Motion for Jury Instruction" becomes even more confusing upon recognition that plaintiffs have included a practically identical proposed jury instruction in their Pretrial Memorandum as directed by this court. *See Plaintiffs' Pretrial Memoranda, at 11, Documents 136 & 137 (September 1, 2006).*

Defendants submit that the proper time for its objection to the proposed instruction will be at the charging conference and/or at the time the Court charges the jury. To the extent this Court deems the proposed "Motion for Jury Instruction" to be proper, defendants object to the same based on the same grounds raised below in support of defendants' Objection to Plaintiffs' perceived Motion for Leave to File a Motion in Limine.

***III. Motion In Limine***

Although plaintiffs have not specifically filed a Motion for Leave to file a Motion in Limine, it appears that they intended to and thus, to the extent this Court views the Motions currently before the Court as such, defendants specifically object to the same as both untimely

and unwarranted. In the first instance, although presenting a Memorandum of Law in support of their proposed Motion in Limine, plaintiffs have offered no memorandum, explanation or reason in support of why the Court should allow them to file an untimely Motion. This Court's Pretrial Order specifically directs the parties to file motions within ten (10) days after close of evidence. Discovery in this matter closed on April 1, 2005. While concededly, the decisions that form the basis for plaintiffs' Motion in Limine were not entered until after the close of evidence, (May 9, 2005 and October 5, 2005), Plaintiff waited almost a year after becoming aware of the possible issue before attempting to bring the instant motion before the Court. Moreover, the decision of this Court granting in part and denying in part, defendants' Motions for Summary Judgment was rendered on August 4, 2006. Plaintiffs thus waited almost two (2) additional months after this Court's decision to seek leave of Court to file the instant Motion in Limine. Absent any explanation as to why this Court should grant such leave, defendants respectfully request that this Court deny plaintiffs' last minute Motion.[2]

Defendants submit that in addition to the untimeliness of the instant motion, there are substantive grounds to deny plaintiffs' Motion. In particular, plaintiffs rely upon the doctrine or issue preclusion in their attempt to preclude evidence in the instant case. In Rhode Island, issue preclusion applies if there is "(1) an identity of issues; (2) a final judgment on the merits; and (3) a determination that the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action." *Yemin Ji v. Kits Van Heyningen, 2006 U.S. Dist. LEXIS 65926, 7-8 (D.R.I. 2006) citing Ret. Bd. of Employees' Ret. Sys. of State v. DiPrete, 845 A.2d 270, 282 (R.I. 2004).* In the instant case, defendants submit that plaintiffs have failed to demonstrate an identity of the issues or that the parties to two (2) actions are the same or in

---

[2] In fact, this matter is currently scheduled to be tried on October 18, 2006. Should this Court grant plaintiffs leave to file the instant Motion in Limine, it would leave the Court only a few days to address the same before the start of trial.

privity. Thus, even if this Court were to grant plaintiffs' leave to file the Motion in Limine, it should nevertheless be denied.

In the first instance, in order to meet the first element and demonstrate an identity of issues, plaintiffs must meet three factors: "(1) the issue sought to be precluded must be identical to the issue determined in the earlier proceeding; (2) the issue must actually have been litigated in the prior proceeding; and (3) the issue must necessarily have been decided." *Id. citing DiPrete, 845 A.2d at 282.* Notably, plaintiffs offer no argument in their Memorandum to support the conclusion that the issues to be decided are identical. Defendants submit that one reason for this omission might be because there is clearly not an "identity of issues." More precisely, it is undisputed that plaintiff challenged his suspension and termination pursuant to the grievance rights granted under the Collective Bargaining Agreement. It was the Collective Bargaining Agreement that dictated what qualified as "just cause" for the disciplinary actions against plaintiff. Thus, the issue determined at the arbitration hearings was whether there was just cause under the Contract to justify the disciplinary action. Whether there was just cause under the contract, however, is not at issue in the instant case.

Rather, the issue in the instant case, as identified by this Court, is whether the Mayor "engineered [plaintiff's] termination because of [plaintiff's] political affiliation." *Decision, at 52 (August 4, 2006) Document 131.* Whether there was just cause as that term is defined by the Collective Bargaining Agreement is not at issue in this case. Rather, in defense of plaintiffs' purported proof of such political motivation, defendants is free to show that Mrs. Iacono had other reasons for attempting to discipline plaintiff. The fact that an arbitrator subsequently found that these reasons were insufficient under the contract to justify a finding of "just cause" does not negate their existence to begin with. In fact, there is nothing to preclude Mrs. Iacono from

identifying in this trial the plaintiff's actions that led her take the employment action against him. The fact that it was ultimately determined to be insufficient under the contract to justify his termination does not mean that there has been a finding that they did not happen and does not mean that this Court is precluded from allowing them into evidence. Accordingly defendants submit in the first instance that there is not an "identity of issues" such to justify the preclusion of evidence relating to the basis for Mrs. Iacono's disciplinary action against plaintiff.

In addition to failing to demonstrate the existence of identical issues, plaintiffs offer no support for the conclusion that the parties are the same or in privity. The burden is on "[t]he party asserting the preclusive effect of prior litigation . . . [to] prov[e] that the party to be bound was a party or in privity with a party to the prior litigation." *Yamaha Motor Corp., USA v. Schreiber (In re Perry Hollow Mgmt. Co.), 2001 DNH 62 (D.N.H. 2001).* In the instant case, once again plaintiffs offer no argument in their Memorandum to support this element. The sole support contained in their Memorandum is the conclusory statement that "the City of Central, by and through its chief executive" had an opportunity to litigate the issue. *Plaintiffs' Memorandum, at 3.* However, such a conclusion fails to recognize the fact that the Mayor had absolutely no involvement in the arbitration hearing. "Privity requires virtual representation and substantial identity, such that the interests of the non-party were in fact represented and protected in the prior litigation." *Yamaha Motor Corp., USA v. Schreiber (In re Perry Hollow Mgmt. Co.), 2001 DNH 62 (D.N.H. 2001).*

Although the grievance was defended on behalf of the City, the Mayor himself had no involvement in the disciplinary actions against the library employee and thus was not a party, participant or witness in the arbitration hearing. Moreover, the City of Central Falls is no longer a defendant in the instant case. The Mayor is the sole defendant to plaintiff's remaining First

Amendment claim. *See Decision, at 53 (August 4, 2006) Document 131.* Defendant would thus submit that plaintiffs have also failed to prove that the Mayor, "the party against whom collateral estoppel is asserted[,] was a party or in privity with a party to the prior action." *Yemin Ji, 2006 U.S. Dist. LEXIS 65926, 7-8.* As such plaintiff is not entitled to invoke the doctrine of issue preclusion and prevent the Mayor from offering evidence by and through Mrs. Iacono that formed the basis for her attempted disciplinary actions against plaintiff.

As a final note, it has also been recognized that "[a]lthough the legal standard governing collateral estoppel is clear, "it is not to be mechanically applied, for it is capable of producing extraordinarily harsh and unfair results." *Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V., 68 F.3d 1478, 1486 (2d Cir. 1995).* In the instant case, plaintiff is attempting to hold the Mayor liable for the actions of a third party, Mrs. Iacono, by imputing his alleged discriminatory motivation onto her actions. Although this Court has recognized that plaintiff has a "tough row to hoe" utilizing this theory, it would be extraordinarily harsh and unfair to preclude the Mayor from introducing the motivations of this third party in defense of the claims against him.

## ***III. Conclusion***

For the reasons cited herein, as well as those that may be raised at trial, defendants respectfully request that this Court deny Plaintiffs' Motion for Leave to File Motions (documents 146 & 147).

Defendants,
Charles D. Moreau, Kevin Guindon,
and Mark Brayall,

By their Attorneys,

*/s/ Marc DeSisto*

Marc DeSisto (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 facsimile
marc@desistolaw.com

Defendants,
Charles D. Moreau, Kevin Guindon,
and Mark Brayall,

By their Attorneys,

*/s/ Elizabeth McDonough Noonan*

Elizabeth McDonough Noonan (#4226)
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
(401) 351-4607 facsimile
Bnoonan@apslaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within document has been filed electronically on this 14th day of October and is available for viewing and downloading from the ECF system.

*/s/ Marc DeSisto*

Leon A. Blais, Esq.
Sara M. Quinn, Esq.
BLAIS PARENT & QUINN
20 Cabot Boulevard, Suite 300
Mansfield, MA 02048
(508) 618-1280
(617) 812-0459 facsimile
LBlais@BlaisParent.com
SQuinn@BlaisParent.com