UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS WILSON, DONALD P. TWOHIG, DONALD D. TWOHIG and THOMAS SHANNAHAN, Plaintiffs | : |
| vs. | : C.A. No. 03-575L |
| CHARLES D. MOREAU, in his individual capacity and in his capacity as agent for the City of Central Falls; JOHN P. KUZMISKI, in his capacity as finance director and treasurer of the City of Central Falls; RICHARD B BESSETTE, individually and in his capacity as agent for the City of Central Falls; MARTIN JOYCE, Individually and in his capacity as Acting Personnel Specialist of the City of Central Falls; RAYMOND COONEY, individually and in his capacity as City Solicitor of the City of Central Falls; ALBERTO CARDONA, individually and in his capacity as agent for the City of Central Falls; KEVIN GUINDON, individually and in his capacity as a Central Falls Police Officer; MARK BRAYALL, Individually and in his capacity as a Central Falls Police officer, Defendants | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO MOTION FOR FEES**

In support of their objection to pending motion Plaintiffs aver and argue as follows:

***Applicable Law***

The intentions of Defendants in bringing the instant motion are unclear. They have brought their motion pursuant to F. R. Civ. Pro (d)(2)(B) which is reflective of the common law governing award of Attorney's Fees but cite to the law governing attorney fee awards pursuant to 52 USC 1988 which deals with fee awards in civil rights actions.

The intentions of Defendants cannot be discerned because the case in chief dealt in a mixture of claims derived from civil rights law and state law. Both the Court and Plaintiffs are left to guess the basis of Defendants' motion because literally no facts have been alleged to support the claims of Defendants either under the civil rights litigation standard or the common law standard.

The two standards are substantially different. "Under the American common-law rule, attorneys' fees may be awarded against a party who has proceeded in bad faith." Christianburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412; 98 S. Ct. 694 (S. Ct, 1984). This is contrasted with the statutory standard based upon alleged frivolity, lack of reasonableness and lack of foundation suggested by Defendants' Motion, p. 1. "In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception. Thus, though a prevailing plaintiff is presumptively entitled to fee-shifting in such a case, see, e.g., Hensley, 461 U.S. at 429, a prevailing defendant is entitled to similar largesse only if she can establish that the plaintiffs' suit was **totally** unfounded, frivolous, or otherwise unreasonable, see Hughes v. Rowe, 449 U.S. 5, 14, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978); Foster, 943 F.2d at 145-46." Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994). (emphasis added)

The failure of Defendants to establish a factual basis of their claim or to specify under which legal theory they are proceeding has significant due process implications in adjudication of the present claim.[1]

1 Defendants are unable cure the deficiencies of their claim inasmuch as the time for filing fee applications has

## ***Argument***

### I. DEFENDANTS HAVE FAILED TO ALLEGE A SINGLE FACT IN SUPPORT OF THEIR MOTION—A DEFICIENCY FATAL TO THEIR MOTION.

The closest Defendants have come to a factual contention is their one sentence conclusion that "…Plaintiffs were notified of the deficiencies in the claims by Defendants' motion for summary judgment and the subsequent motion for summary judgment as a matter of law." Memorandum, p.2. Nowhere, however, do Defendants specify what specific notice Plaintiffs should have taken from the filing of the Motion for Summary Judgment or which Plaintiffs should have taken such notice.

Examination of the record in this case reveals that subsequent to the filing of Defendants' Motion for Summary Judgment no litigation was undertaken by Plaintiffs that would have induced Defendants to incur fees other than trial of the claims the Court allowed to proceed. In fact, in the cases of Plaintiffs Wilson and Shannahan no litigation activity ensued other than filing of an opposing Memorandum of Law responsive to the Motion for Summary Judgment. Even if Defendants' factually unsupported theory was adopted there are no fees that are properly allocable to litigation caused by Plaintiffs following Defendants' Motion for Summary Judgment.

Significantly Defendants make no allegation and certainly aver no facts regarding alleged conduct of Plaintiffs prior to Defendants' Motion for Summary Judgment.

The absence of factual contention is problematic for the Court as well as for Plaintiffs.

---

passed both under the federal and local rules.

> It is firmly settled in this circuit that, when shifting fees, "the district court is expected to explain its actions." Foster v. Mydas Assoc., Inc., 943 F.2d 139, 141 (1st Cir. 1991). One cardinal reason for this rule is to facilitate appellate review --
> a goal that is better achieved when the nisi prius court produces a suitable
> set of findings and an explication of why it authored the particular fee award.
> See Peckham v. Continental Cas. Ins. Co., 895 F.2d 830, 842 (1st Cir. 1990).
> Although such findings need not be "infinitely precise," United States v.
> Metropolitan Dist. Comm'n, 847 F.2d 12, 16 (1st Cir. 1988), they must be
> reasonably complete and offer at a bare minimum a "clear explanation of
> [the district court's] reasons for the fee award," Hensley v. Eckerhart, 461 U.S.
> 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983), together with some
> appropriate "method and manner" insight into how the award was calculated,
> see Blum v. Stenson, [*618] 465 U.S. 886, 888, 79 L. Ed. 2d 891, 104 S. Ct.
> 1541 (1984).
>
> <u>Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 617-618 (1st Cir. 1994)</u>

Indeed, the Court cannot possibly meet its burden given the incurable deficiencies of Defendants' motion. Because of the failure of Defendants to allege any facts, neither the Court nor Plaintiffs can discern what conduct on the part of an individual Plaintiff is allegedly deserving of award of fees.

## II. DEFENDANTS INAPPROPRIATELY SEEM TO SUGGEST THAT BECAUSE THEY PREVAILED IN THE DISTRICT COURT THEY ARE ENTITLED TO FEES.

"In determining whether a claim is frivolous, a court should avoid the temptation to conclude that, because the plaintiff was unsuccessful, the claim was groundless. Christiansburg, 434 U.S. at 421-22, 98 S. Ct. at 700. Instead, the relevant inquiry is whether a reasonable person would have recognized the claim as meritless". <u>Pontarelli v. Stone, 781 F. Supp. at 127." 946 F. Supp. 147 D.RI (1992).</u>

Defendants do not even mention, much less allege compliance with this standard.

Defendants seem to point to the Court's summary judgment opinion and order as justification for award of fees. However, Defendants do not even approach the analysis applied in Stone, Supra and fail to address how they can contend the case brought by Plaintiffs was totally without merit where some of the claims of Plaintiffs Twohig proceeded to trial and where a number of state law claims of Plaintiffs Wilson and Shannahan, although dismissed without prejudice, will proceed in state court.

"There is no talismanic test for determining whether a claim should be deemed frivolous. One factor to be considered is whether the claim survived pretrial motions for brevis disposition on the merits. See E.E.O.C. v. Kimbrough Investment Co., 703 F.2d 98, 103 (5th Cir. 1983); E.E.O.C. v. Northwest Structural Components, 897 F. Supp. 249, 252 (M.D.N.C. 1995) (only in rare circumstances will a case that survives a motion to dismiss be considered frivolous)." Donnelly, et al v. Rhode Island Board of Governors, et al, 946 F. Supp. (147 D. RI, 1996).

At bar, Defendants never brought a motion to dismiss apparently believing that Plaintiffs' cases had sufficient merit to proceed through discovery. 2

**III. ALL BUT ONE OF THE DEFENDANTS HAVE FAILED TO EVEN ALLEGE THAT THEY INCURRED LEGAL BILLS FOR WHICH THEY SHOULD BE PAID.**

In an apparent attempt to comply with the local rules, Defendants only have submitted legal bills for the firms of Attorneys DeSisto and Noonan.

Yet it is apparent that the Adler Pollack and Sheehan bills submitted by Ms. Noonan were directed only to the City of Central Falls and the invoices of DeSisto Law are known to

2 Although a review of the legal bills submitted reviews that dispositive motions were considered long before the eventual Motion for Summary Judgment was filed.

have been incurred by the Intra-Local Trust as insurer of the City of Central Falls. Therefore, even if the instant motion were properly documented, only Defendant Kuzmiski, in his nominal capacity, would have standing to move for such fees.

Indeed, Defendants Bessette, Joyce have never been employees of the City of Central Falls and Defendant Cardona was a city employee for only a short time. The claim of these individuals are entitled to a "proportionate share" of attorneys fees paid by the City of Central Falls is inappropriate. Memorandum, p. 2.

**IV. THE FEES CLAIMED BY DEFENDANTS ARE OBJECTIONABLE ON SEVERAL THEORIES; IN THE EVENT THE COURT PROCEEDS WITH DEFENDANTS' MOTION BEYOND THE INITIAL LIABILITY PHASE, DEFENDANTS HEREWITH MAKE THEIR REQUEST FOR LEAVE TO FILE ADVERSARY SUBMISSIONS REGARDING THE VALIDITY OF INDIVIDUAL REQUESTS FOR FEE REIMBURSEMENT PURSUANT TO F.R.CIV. PRO. 54(d)(2)(C).**

Specifically, Plaintiffs object to the charges requested for the following reasons to be more fully elucidated if the Court grants leave to make adversary submissions:

a. Charges are duplicative. There was no need for two sets of lawyers to defend.

b. Charges are submitted for matters unrelated to this litigation.

c. Charges are submitted for time periods in advance of the time Defendants allege Plaintiffs should have been aware of the alleged deficiencies of their case.

d. Charges are submitted for individuals who had no discernible role in this litigation.

e. Charges hourly rates submitted by Adler, Pollack and Sheehan are demonstrably excessive.

f. Charges are submitted for time periods prior to the beginning of this litigation.

g. Charges are not capable of separation by individual Plaintiff and Defendants' claim provides no means to accomplish such allocation.

h. Claimed reimbursement is beyond the ability of Plaintiffs to pay.

i. Submissions of alleged legal fees are deficient inasmuch as they do not represent contemporaneous record keeping of claimed charges.

j. Submissions of alleged legal fees are deficient inasmuch as no assurance is provided that Defendants individually incurred liability for such fees.

k. Submissions of alleged legal fees are deficient in that they contain no explanation of the legal basis of the City of Central Falls allegedly providing legal services to non-employees or officers.

## ***Conclusion***

For the reasons set forth herein, the Defendants' motion should be denied.

RESPECTFULLY SUBMITTED,
PLAINTIFFS
By Their Attorneys,

/s/ Sara M. Quinn

QUINN & QUINN, L.L.P.
179 Sisson Street
Providence, Rhode Island 02903
401 621-7087
saqui9@cs.com

/s/ Leon A. Blais

Leon A. Blais, Esq.
BLAIS PARENT & QUINN
Suite 300
20 Cabot Blvd.

Mansfield, MA 02048
508 618-1280
617 812-0459
LBlais@BlaisParent.com

## ***Certification***

I herewith certify that on November 24, 2006 a true copy of the within document as been filed electronically and is available for viewing and downloading from the ECF System.

Elizabeth Noonan, Esq.
Adler, Pollack and Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
enoonan@apslaw.com

Marc DeSisto, Esq.
Michael DeSisto, Esq.
206 Angell Street
Providence, RI 02903
marc@desistolaw.com

______________________________
Sara M. Quinn