UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WILSON, DONALD P. TWOHIG, DONALD D. TWOHIG and THOMAS SHANNAHAN, Plaintiffs | : | |
| vs. | : | C.A. No. 03-575L |
| CHARLES D. MOREAU, in his individual capacity and in his capacity as agent for the City of Central Falls; JOHN P. KUZMISKI, in his capacity as finance director and treasurer of the City of Central Falls; RICHARD B BESSETTE, individually and in his capacity as agent for the City of Central Falls; MARTIN JOYCE, Individually and in his capacity as Acting Personnel Specialist of the City of Central Falls; RAYMOND COONEY, individually and in his capacity as City Solicitor of the City of Central Falls; ALBERTO CARDONA, individually and in his capacity as agent for the City of Central Falls; KEVIN GUINDON, individually and in his capacity as a Central Falls Police Officer; MARK BRAYALL, Individually and in his capacity as a Central Falls Police officer, Defendants | : | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' "SUPPLEMENTAL MEMORANDUM"**

Plaintiffs herewith move to strike the "Supplemental Memorandum" filed in support of Defendants' motion for fees. Plaintiffs file the supporting Memorandum of Law concurrent herewith.

RESPECTFULLY SUBMITTED,

PLAINTIFFS
By Their Attorneys,

/s/ Sara M. Quinn
____________________________________

QUINN & QUINN, L.L.P.
179 Sisson Street
Providence, Rhode Island 02903
401 621-7087
smquinn@cox.net

/s/ Leon A. Blais
____________________________________

Leon A. Blais, Esq.
BLAIS PARENT & QUINN
Suite 300
20 Cabot Blvd.
Mansfield, MA 02048
508 618-1280
617 812-0459
LBlais@BlaisParent.com

***Certification***

I herewith certify that on October 10, 2007 a true copy of the within document as been filed electronically and is available for viewing and downloading from the ECF System.

Elizabeth Noonan, Esq.
Adler, Pollack and Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
enoonan@apslaw.com

Marc DeSisto, Esq.
Michael DeSisto, Esq.
206 Angell Street
Providence, RI 02903
marc@desistolaw.com

/s/ Leon A. Blais

Leon A. Blais

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WILSON, DONALD P. TWOHIG, DONALD D. TWOHIG and THOMAS SHANNAHAN, Plaintiffs | : | |
| vs. | : | C.A. No. 03-575L |
| CHARLES D. MOREAU, in his individual capacity and in his capacity as agent for the City of Central Falls; JOHN P. KUZMISKI, in his capacity as finance director and treasurer of the City of Central Falls; RICHARD B BESSETTE, individually and in his capacity as agent for the City of Central Falls; MARTIN JOYCE, Individually and in his capacity as Acting Personnel Specialist of the City of Central Falls; RAYMOND COONEY, individually and in his capacity as City Solicitor of the City of Central Falls; ALBERTO CARDONA, individually and in his capacity as agent for the City of Central Falls; KEVIN GUINDON, individually and in his capacity as a Central Falls Police Officer; MARK BRAYALL, Individually and in his capacity as a Central Falls Police officer, Defendants | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' "SUPPLEMENTAL MEMORANDUM OF LAW"**

On Friday afternoon, October 5, 2007, shortly before 5:00 pm, Defendants' counsel filed their "Supplemental Memorandum of Law" in an apparent last-minute attempt to cure several of the deficiencies found in their motion papers filed almost a year ago.

The "Supplemental Memorandum of Law" should be stricken from the record because:

## I. IT IS FILED ALMOST TEN MONTHS BEYOND THE TIME SET FORTH IN THE LOCAL RULES AND IT IS FILED WITHOUT LEAVE OF COURT.

The Local Rules require that a Reply Memorandum may be filed by Defendants but that such a brief must be filed not later than ten days following the filing of an objection. In this case, the Reply Brief deadline fell in the latter part of November, 2006.

Additionally, the Local Rules prohibit the filing of any additional Memoranda of Law (such as a Supplemental Memo) without leave of court which was neither sought nor obtained.

> (b) Objections and Replies.
>
> (1) Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a separate memorandum of law setting forth the reasons for the objection and applicable points and authorities supporting the objection.
>
> (2) **The movant may file and serve a reply memorandum not later than ten (10) days after the service of the objection.** A reply memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion.
>
> (3) **No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court.**
>
> (emphasis added)
>
> <u>RI U.S. Dist. Ct. Rule 7</u>

**II. PRESUMABLY TO SATISFY THE REQUIREMENTS OF DUE PROCESS, BOTH THE LOCAL RULE AND STATUTE REQUIRE FILING OF A COMPLETED MOTION FOR FEES WITHIN FOURTEEN DAYS OF ENTRY OF FINAL JUDGMENT. THE "SUPPLEMENTAL MEMORANDUM" IS A THINLY VEILED ATTEMPT CURE DEFICIENCIES IN DEFENDANTS' MOTION ALMOST A YEAR AFTER THE EXPIRATION OF THE FILING DEADLINE. [1]**

Both the rule and the statute dealing with award of attorney's fees define the nature of the submissions that must be made to the Court and impose a time limit for filing such submissions.

More important, the applicable local rule provides that failure to properly file the documentation in support of a Motion for Fees within the fourteen day limit "shall be deemed a waiver of any claim for attorneys' fees."

Plaintiffs contend that Defendants' failure to file a conforming claim within the prescribed time allowed constitutes, at least, a waiver of any right to cure deficiencies in the claim and, at most, a waiver of the totality of their claim.

> 54.1. Attorneys' fees.
>
> (a) Time of Request. Unless otherwise ordered by the Court or provided by law, a party seeking an award of attorneys' fees that are not an element of damages to be proven at trial **shall serve and file a motion for attorneys' fees not later than fourteen (14) days after the entry of judgment. Except for good cause shown, failure to file a motion within that time shall be deemed a waiver of any claim for attorneys' fees.**
>
> (b) Supporting Affidavits.
>
> (1) A motion for attorneys' fees shall be accompanied by an affidavit of counsel that includes:
>
> (A) an itemized statement of all time expended by each attorney, together with a brief description of the services performed during each period of time itemized;.

[1] The caption of the "Supplemental Memorandum" indicates it is filed pursuant to 42 U.S.C. § 1988 and F.R.C.P 54 (d)(2)(B). However, the text of the memo indicates only a statutory basis. This leaves Plaintiffs as well as the Court to wonder which standard should be applied.

(B) a statement of the reason(s) why these services were reasonably necessary;.

(C) the hourly fee customarily charged by counsel in like cases;.

(D) a description of any fee agreement made with counsel's client regarding the case; and.

(E) any other pertinent factors set forth in Rule 1.5 of the Rules of Professional Conduct promulgated by the Rhode Island Supreme Court.

(2) Unless otherwise permitted by the Court, a motion for attorneys' fees also shall be accompanied by an affidavit regarding the reasonableness of the requested hourly fee from a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases.

RI U.S. Dist. Ct. Rule 54.1

(B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

USCS Fed Rules Civ Proc R 54

## III. THE FILING OF THE "SUPPLEMENTAL MEMORANDUM" ON THE EVE OF A LONG HOLIDAY WEEKEND AND JUST DAYS BEFORE A SCHEDULED HEARING ON THE PENDING MOTION DEPRIVES PLAINTIFFS' OF AN OPPORTUNITY TO CONSIDER THE ADDITIONAL DATA PROVIDED BY DEFENDANTS AND TO RESPOND TO THE NEW CASES CITED BY DEFENDANTS.

It is inconceivable that, after almost a year, Defendants would wait until moments before the close of business before a long holiday weekend to file additional, corrective

material with the Court resulting in a significant procedural disadvantage being visited upon the Plaintiffs.

For the reasons cited herein and to be advanced at hearing, Plaintiffs urge that their MOTION TO STRIKE be granted.

RESPECTFULLY SUBMITTED,
PLAINTIFFS
By Their Attorneys,

/s/ Sara M. Quinn

Sara M. Quinn, Esq. #2798
QUINN & QUINN, L.L.P.
179 Sisson Street
Providence, Rhode Island 02903
401 621-7087
saqui9@cs.net

/s/ Leon A. Blais

Leon A. Blais, Esq.
BLAIS & PARENT
Suite 300
20 Cabot Blvd.
Mansfield, MA 02048
508 618-1280
617 812-0459
LBlais@BlaisParent.com

***Certification***

I herewith certify that a true copy of the within document as been filed electronically and is available for viewing and downloading from the ECF System.

Elizabeth Noonan, Esq.
Adler, Pollack and Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
enoonan@apslaw.com

Marc DeSisto, Esq.
Michael DeSisto, Esq.
206 Angell Street
Providence, RI 02903
marc@desistolaw.com

/s/ Leon A. Blais

Leon A. Blais, Esq.